**FILED**

08/04/2021

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS, INDIANA**

JAMES MARTIN,                          )
Plaintiff,                             )
                                       )
Vs.                                    )       Cause No. ___1:21-cv-02196-SEB-MJD___
                                       )
CITY OF LAWRENCEBURG,                  )
INDIANA.                               )
Defendant.                             )

**COMPLAINT**

Plaintiff, JAMES MARTIN , by and through his undersigned attorneys, hereby sues Defendant, CITY OF LAWRENCEBURG, INDIANA;, (Collectively, "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action to put an end to Defendants', City of Lawrenceburg, Indiana (Lawrenceburg) failure to comply with the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq. ("ADA"), the ADA Accessibility Guidelines (ADAAG), 28 C.F.R. § 36app. D., and the Rehabilitation Act of 1973, 29 U.S.C. 794, et seq.

2. The Defendants are discriminating against Plaintiff and others similarly situated by denying them equal access to Arch Street Park , a public park located in the center of Lawrenceburg City, Lawrenceburg.  The discriminatory acts and omissions are violations of the above-referenced statutes and include, but are not limited to, the following:

3. Defendants have and continue to discriminate against Plaintiff as well as the blind, visually impaired, and other disabled individuals by denying them equal access to Arch Street Park .

4. Recently the city of Lawrenceburg spent thousands in revising the park next to the Hollywood Casino. Being a frequent guest of the casino with my service animal, I've attended the old park nearly every weekend. With the new recent construction of the better park and the services it provides, my concern is that I now don't have any access to the parks activities for handicap persons, nor is the park designed to accommodate my service dog with a watering services, or a designated area to use the restroom with hand bags readily available to pick up his feces. The park overtly doesn't conform to the American Disability Act as it has nothing for myself and other disabled visitors, nor does it accommodate any service animals, all of which is a direct violation of the (ADA).

5. The city has failed to designate parking for handicap customers at this particular park, as there is not handicap designated parking. When me and my service dog drove to the park coming back from the store, we are forced to park down the road and walk to the park, traveling long distances as the park violates the ADA for not having designated handicap parking.          The video provided by the City of Lawrenceburg briefly shows an over-view of the Arch Street Park, and the parking area on the street, where there is not handicap accessible          parking          area:          see          video          at:
   **https://www.thinklawrenceburg.com/attractions/parks/arch-street-park/**

6. Public entities have an ongoing obligation to ensure that individuals with disabilities are not excluded from programs and services because facilities are unusable or inaccessible to them. There is no "grandfather clause" in the ADA that exempts older facilities. However, the law strikes a careful balance between increasing access for people with disabilities and recognizing the constraints many public entities face. It allows entities confronted with limited financial resources to improve accessibility without excessive expense.

7. The ADA requires that all new facilities built by public entities must be accessible to and usable by people with disabilities. The 2010 standards set out the minimum accessibility requirements for newly constructed facilities. The U.S. Access Board has issued requirements that are now part of the Architectural Barriers Act (ABA) Accessibility Standards and apply to national parks and other outdoor areas developed by the federal government. They do not apply to outdoor areas developed with federal grants or loans. A guide that explains these requirements is available at: www. access-board.gov/guidelines-and-standards/recreation-facilities/outdoor-developed-areas/a-summary-of-accessibility-standards-for-federal-outdoor-developed-areas.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 because Plaintiff's claims arise under a federal statute, the ADA.  In addition, this Court has jurisdiction over Plaintiff's claims for declaratory relief, pursuant to 28 U.S.C. 2201-02.

9.  Venue is proper in the Southern District of Indiana, Southern Division, pursuant to 28 U.S.C. 1391 because Defendant is an entity with the capacity to sue and be sued in its common name under applicable law, and are thus deemed to reside in the Eastern District of Michigan for venue purposes, as they are subject to the personal jurisdiction of this court.

## Federal Law Violation:
## American Disability Act

10. My allegation of the preceding paragraphs as if fully set forth herein. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation 42 U.S.C. § 12182(a).

11. City of Lawrenceburg physical location is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). The park is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

12. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

13. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

14. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

15. The acts alleged herein of the failure to make the par a service dog friendly park, a park with accommodations for handicap people, and handicap parking constitute violations of Title III of the ADA, and the regulations promulgated there under. I am a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. § 12102(1)(A)-(2)(A). Furthermore, I have been denied full and equal access to the City of Lawrenceburg place of business, has not been provided services that are provided to other patrons who are not disabled with a service dog, and has not been provided any reasonable accommodation to those services. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

16. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein. Remedy Under the ADA, Injunctive relief is available under the ADA if the discrimination includes "a failure to remove architectural barriers and permitting service animals, and communication barriers that Case 1:16-cv-23020-RNS Document 63 Entered on FLSD Dock are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. §§ 12188(a)(2), 12182(b)(2)(A)(iv). In addition, the ADA: [R]equires without exception that any policies, practices, or procedures of a public accommodation be reasonably modified for disabled individuals as necessary to afford access unless doing so would fundamentally alter what is offered. To comply with this command, an individualized inquiry must be made to determine whether a specific

modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration. PGA Tour, Inc. v. Martin, 532 U.S. 661, 688 (2001) (internal quotations and citations omitted); see also Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp., 158 F.Supp.2d 1353, 1362 (S.D. Fla. 2001) (Highsmith, J.) (citations omitted) (the determination of whether a particular modification is reasonable involves a fact specific inquiry that considers, among other things, the effectiveness of the modification and the cost of implementation).

## Handicap Parking:

17. These are direct violations that are governed by the Department of Justice and those allegations do in fact violate federal law. Because of these violations, I'm not able to use the new park as they are not equipped with handicap activities. I am not able to park near the entrance, as there is no handicap parking. And I am not able to bring my small service dog, as there are no designated areas for my animal to use the restroom, and no hand bags to pick up any feces to properly dispose of it.

18. By ignoring the needs and dignity of disabled patrons, and denying equal access to Arch Street Park for Plaintiff and others with disabilities, the Defendants treat him as a second-class citizen, and unjustly disregard his basic rights to equality and dignity, and have caused him severe physical injury, embarrassment, humiliation, harassment and emotional distress. Therefore, Plaintiff seeks injunctive relief and declaratory relief to redress Defendants' past and continuing violation of his rights under federal law.

## PARTIES

19. Plaintiff, James Martin, a handicap individual living in Shelbyville, Indiana, with myeloma cancer and relies on a mobility scooter for long distance travels, suffered severe pain and suffering walking the distance from a normal parking area many feet from the entrance of the Arch Street Park as a proximate result of Defendants' acts and omissions stated above,

and wishes to exercise his right of access to Arch Street Park   without fear of injury, embarrassment, and unnecessary frustration.

20. Plaintiff has standing to bring the present cause of action: Plaintiff is physically disabled according to the definition provided by the ADA, as he is "substantially impaired in the major life activity of walking without his mobility scooter." Plaintiff is being denied equal access to Arch Street Park , a public park in Lawrenceburg City, and as such, he is being denied his rights as provided to him by the ADA.

21. The City of Lawrenceburg, Indiana is a public, government entity within the meaning and definition of the ADA. The Lawrenceburg City Arch Street Park is a public, government entity within the meaning and definition of the ADA.

## FACTUAL ALLEGATIONS

22. Arch Street Park  is a public park located in the center of Lawrenceburg City, Lawrenceburg. Arch Street Park  towards the down town of Lawrenceburg, Indiana, next to the Hollywood Casino where the plaintiff visits often, and uses the park for additional entertainment with his service dog. The city recently rebuilt the park without any thoughts to people who are disabled.

23. Arch Street Park  is visited by many families individuals per year, making it the most visited park in the entire city of Lawrenceburg, Indiana.

24. Arch Street Park  is owned by the city (Defendant)  in Lawrenceburg City.

25. These acts and omissions by Defendants violate clearly established federal law.

26. Upon information and belief, other complaints have been filed concerning these accessibility problems with the Defendants.

27. The denial of basic accessibility to Arch Street Park  impedes Plaintiff and others with disabilities from full and equal enjoyment of the rights of citizenship in a free society.  In particular, this denial results in isolation, the perpetuation of social stigmas, loneliness, and social deprivation; it produces humiliation, frustration, and low self-image; limits professional, personal, family, recreational and educational opportunities by restricting

6

participation in travel, and imposes unnecessary irrational and unlawful obstacles to enjoying the benefits available to others without disabilities.

28. Defendants' acts and omissions have seriously injured Plaintiff and others similarly situated in other ways as well. Plaintiff's injuries include, but are not limited to emotional distress, loss of social interaction, loss of camaraderie, and pain and suffering.

29. On information and belief, Plaintiff alleges that the Defendant, through their policies, agents, and employees, have acted intentionally, willfully, in bad faith, and/ or with reckless indifference for the federal legal rights of Plaintiff and others with disabilities, in committing the acts and omissions stated here.

30. Defendants continues to discriminate against Plaintiff and others based on their disabilities, by denying Plaintiff and others with equal access to Arch Street Park , resulting in ongoing injury to Plaintiff and other disabled individuals.

31. Plaintiff has no adequate remedy at law. Plaintiff seeks equitable relief for Defendants' ongoing acts and omissions, as stated herein, and wishes for Arch Street Park to be brought into compliance with the ADA.

32. In short, Arch Street Park is not equally accessible to the disabled, and as such, Defendants are in violation of the aforementioned statutes and their own publicly pronounced commitment to inclusion.

## COUNT I

## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT.

33. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through31, inclusive.

34. In enacting the ADA, Congress expressly determined that society tends to isolate and segregate people with disabilities; that individuals with disabilities continually encounter prejudice and discrimination, including outright exclusion and the failure to eliminate exclusionary criteria; that this nation should assure equality of opportunity for all participation, independent living, and economic self –sufficiency to individuals with

7

disabilities; and that continuing discrimination impedes them from competing on an equal basis and pursuing opportunities available to other citizens. 42. U.S.C. 12101(a).

35. The express purpose of the ADA is to provide a clear and comprehensive national mandate for eliminating discrimination against individuals with disabilities; to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and to ensure that the federal government plays a central role in enforcing the standards established in the Act on behalf of individuals with disabilities 42 U.S.C. 12101 (b).

36. Plaintiff is a person who constitutes a "qualified individual(s) with a disability" under the ADA.

37. Defendant City of Lawrenceburg, Indiana is a "public entity" as defined by the ADA.

38. Defendant is a "public entity" as defined by the ADA.

39. Defendant is engaged in the ownership and regulation of Arch Street Park , a place of public accommodation.

40. Through the acts and omissions alleged here, Defendants have acted in disregard of Plaintiff's disabilities, inhibited Plaintiff from access to Arch Street Park , and subjected him to discrimination, in violation of the ADA.

41. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title II of the ADA, and the regulations promulgated thereunder, and have resulted in injury to Plaintiff and others similarly situated.

42. Defendants' acts and omissions constitute an ongoing and continuous violation of Title II of the ADA. Unless restrained and enjoined from doing so, Defendants will continue to violate this statute and to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

43. The American's with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG) is the identified architectural standard to be used in facilities covered by the ADA. Defendants are in violation of the ADA and applicable ADAAG standards. Such violations include, but are not limited to the following:

    a. Defendants have and continue to discriminate against Plaintiff as well as the blind, visually impaired, and other disabled individuals by denying them equal access to Arch Street Park.

    b. Defendants have failed to install adequate pedestrian signals which form a boundary enclosing almost all of Arch Street Park .

    c.  Defendants have failed to INSTALL HANDICAP PARKING.

44. The City of Lawrenceburg, Indiana continue to denigrate their disabled patrons by avoiding their obligation to comply with the ADA.

45. As stated above, Defendants have failed to comply with even the most minimal provisions of the Americans with Disabilities Act Architectural Guidelines, and are woefully in violation of their obligations to provide accommodation to travelers who are disabled.

## COUNT II

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. 794) ET SEQ AND RELATED.

46. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 44, inclusive.

47. Section 504 states in part that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that either receives Federal financial assistance or is conducted by any Executive agency.

48. Plaintiff is a qualified individual with a disability as defined by Section 504.

49. Upon information and belief, Defendant City of Lawrenceburg, Indiana receives federal financial assistance in its programs and activities.

50. Upon information and belief, Defendant receives federal financial assistance in its programs and activities.

51. As referenced above, Defendants have consistently discriminated against Plaintiff and other similarly situated individuals with disabilities by failing to make Arch Street Park accessible to Plaintiff and other persons with disabilities.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

52. A declaration that Defendants' acts and omissions unlawfully violate Plaintiff's rights under the American's with Disabilities Act of 1990 (ADA), the ADAAG, and the Rehabilitation Act of 1973.

53. An injunction restraining the Defendants from receiving any federal funding unless and until Arch Street Park  is brought into compliance with federal law.

54. A further injunction or other order instructing Defendants to actually provide individuals with disabilities with full and equal access to Arch Street Park , said order allowing Plaintiff, or Plaintiff's representative to review all plans and/or construction drawings prior to their implementation.

55. A further injunction restraining the Defendants from discriminating against individuals with disabilities.

56. Plaintiff seeks compensatory OF THE MAXIMUM ALLOWED BY FEDERAL LAW for damages    to    encourage    the    Defendants    to    comply    with    federal    law.

All other relief that this Court deems just and proper.

Dated: August 2ⁿᵈ, 2021

Respectfully submitted,

James Martin
735 ½ Center Street
Shelbyville, IN 46176
Phone: (317) 512-6229
Email: jamesamartin3@gmail.com